## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARK LAWN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 20-1484-RGA |
| | ) |
| PLOTBOX, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Park Lawn's Motion for Conference with Court and Expedited Discovery. (D.I. 5). Essentially, Park Lawn seeks expedited discovery to prepare for its anticipated motion for a preliminary injunction.

1. **Background.** Park Lawn sued Defendant PlotBox for violation of the Defend Trade Secrets Act, intentional interference with an employment agreement, and aiding and abetting breaches of fiduciary duty after PlotBox appointed Andrew Clark as Chairman of its Board of Directors. (D.I. 10 ¶¶ 38-64). Mr. Clark is Park Lawn's former Chairman and Chief Executive Officer and, in that role, received access to confidential information and trade secrets relating to Park Lawn's ongoing development of a new funeral and cemetery software management program called "FaCTS." (*Id.* at ¶¶ 8, 39). Park Lawn intends to market the FaCTS Software for sale or license to other companies in the funeral and cemetery industry. (*Id.* at ¶ 7). Although Park Lawn is primarily a funeral, cremation, and cemetery provider, it alleges that PlotBox is a direct competitor, because PlotBox sells a cemetery software management program that targets the same group of customers Park Lawn will target with FaCTS. (*Id.* at ¶¶ 7, 23, 43).

2. No Rule 16 scheduling order has been entered yet in this case. Thus, Park Lawn requests a court order that: (1) schedules a conference with the Court, (2) permits Park Lane to

1

serve expedited discovery requests on PlotBox with a response due in five days, (3) permits Park Lane to conduct three depositions within fourteen days of the order's issuance, and (4) schedules a hearing on Park Lane's motion for a preliminary injunction, which has not yet been filed. (D.I. 5, at 3).

3. **Standard**. Neither the Federal Rules of Civil Procedure nor the Third Circuit Court of Appeals has established a standard governing motions to expedite discovery. *Reybold Grp., Inc. v. Does 1–20*, 323 F.R.D. 205, 208 (D. Del. 2017). "Courts, however, have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Does 1-24*, 2013 WL 1163988, at *2 (D. Del. Mar. 20, 2013).

4. Courts in the Third Circuit may employ one of two tests for determining the propriety of an expedited discovery request. *Id.* The first standard adopts the framework outlined in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). It is "very similar to a preliminary injunction analysis and looks more closely at the merits of the request." *Murguly v. Locke*, 2020 WL 2401354, at *1 (D.N.J. May 11, 2020). Under the *Notaro* standard, the moving party must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Vision Films*, 2013 WL 1163988, at *2 (quoting *Notaro*, 95 F.R.D. at 405).

5. The second standard—called the "reasonableness" test—is "considerably more liberal than the *Notaro* standard." *Better Packages, Inc. v. Zheng*, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006). Under a "reasonableness" test, "the court must weigh the need for discovery at an early

2

juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011).

6. When a party seeks expedited discovery to support an anticipated motion for preliminary injunction, some district courts have favored the reasonableness test over the *Notaro* test on the basis that the *Notaro* test can be "circular and ineffective." *Id.* at *6. "Under a *Notaro*-style analysis, a movant would have to paradoxically demonstrate a 'probability of success' on the merits of infringement to justify discovery—discovery that is presumably needed in order to help make a showing of the same type of 'likelihood of success' at a later preliminary injunction hearing." *Id.* This criticism has some validity. At the same time, however, it does not seem wise to entirely abandon the *Notaro* test, because the reasonableness test does not explicitly require a court to consider either the merits of a plaintiff's claims or the threat of irreparable injury. Thus, what prevents a plaintiff with entirely frivolous claims and only a remote possibility of irreparable injury from using a motion to expedite discovery to engage in a fishing expedition?

7. Notably, the Delaware Court of Chancery, which must regularly address motions to expedite, employs a standard similar to *Notaro* but one that takes some sting out of the criticism. The Court of Chancery still considers the merits of the claims and the threat of irreparable injury, but requires a far lesser showing than that required on a motion for preliminary injunction. Specifically, a motion to expedite should be granted only if "the plaintiff has articulated a sufficiently colorable claim and shown a sufficient possibility of a threatened irreparable injury, as would justify imposing on the defendants and the public the extra (and sometimes substantial)

costs of an expedited preliminary injunction proceeding." *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994); *see also Lonergan v. EPE Holdings, LLC*, 5 A.3d 1008, 1016 (Del. Ch. Oct. 11, 2010).

8. **Discussion**. Regardless of the standard applied, the motion for expedited discovery should be denied. Park Lane has not yet filed any motion for preliminary injunction. In addition, the parties are in the middle of completing briefing on PlotBox's renewed motion to dismiss for failure to state a claim, which, if granted, would dispose of the entire case. (D.I. 19, D.I. 20, D.I. 22). PlotBox's first motion to dismiss was rendered moot when Park Lane decided, after all the briefing was complete, to file an amended complaint. (*See* D.I. 6; D.I. 10). At the same time, Park Lane's motion to expedite did not articulate any concrete or specific threat of imminent and irreparable injury. Instead, Park Lane's motion was vague as to what type of information Mr. Clark possessed that could be considered trade secrets and how PlotBox could use this information to harm Park Lane. Notably, Park Lane's FaCTS software is still in development while PlotBox's software is already on sale. Finally, Park Lane has not filed or served its proposed discovery requests or identified the three individuals it wishes to depose, which leaves the Court unable to evaluate the scope and, therefore, the reasonableness of the burden placed on PlotBox if I were to grant the motion. For all these reasons, Park Lane has not shown that its need for expedited discovery justifies the added burden and expense on PlotBox.

NOW, THEREFORE, at Wilmington this 9th day of August, 2021, it is HEREBY ORDERED that Plaintiff's Motion for Conference with the Court and Expedited Discovery (D.I. 5) is **DENIED**;

/s/ Richard G. Andrews
United States District Judge

4